### 7163. MATHIS *v.* COCA-COLA BOTTLING COMPANY OF CHICAGO.

1. Refusal to continue the case because the defendant, who was tax-collector of the county, was absent from the county-site, collecting taxes in other parts of the county in accordance with published announcements fixing dates, etc., was not an abuse of discretion.

2. On the trial of an action on a promissory note for $1,000, it was not error to exclude from evidence a receipt to the defendant for $1,125 in payment of 50 shares of stock of the plaintiff company, signed by a certain person as "agent," where there was no evidence that the note was given for shares of stock, and no evidence of the signer's agency for the company.

DECIDED JULY 6, 1916.

Complaint; from city court of Nashville—Judge Sellers presiding.

*J. D. Lovett, J. A. Alexander,* for plaintiff in error.

*Cobb, Erwin & Rucker, Hendricks, Mills & Hendricks,* contra.

Hodges, J. 1. The suit was served September 24, 1912, and was not tried until November 16, 1915. Upon the call of the case the defendant's counsel moved to continue it, upon the following ground: that the defendant was the tax-collector, and had published his advertisement designating the towns, militia districts, and dates for the payment of taxes, and was then absent from the county-site, collecting taxes; that the case was assigned for trial on the 17th of November, 1915, and not the 16th; that the collector had no assistant, and that it was absolutely necessary for him to meet his appointment for the collection of taxes, the date of the appointment being the 17th of November, 1915. The judge did not abuse his discretion in overruling the motion.

2. The suit was on a note for $1,000 principal, in favor of the Coca-Cola Bottling Company of Chicago. The only plea relied on was as follows: "That [the defendant] is not indebted to the plaintiff in the manner and form as alleged, nor in any sum, for the reason that . . F. W. Edwardy, as agent for the Coca-Cola Bottling Company of Chicago, on the 7th day of January, 1911, executed and delivered to this defendant a receipt for the full and complete sum of the note sued for, to wit, the sum of $1,125.00, which receipt was in payment for the stock, the purchase-price of which is the basis of the above and foregoing cause." In support of the plea the following receipt was. offered: "Received of J. D. Mathis eleven hundred and twenty-five dollars, in full payment of 50 shares stock in the Coca-Cola Bottling Company of Chicago, Ill. Nashville, Ga., 1/7th, 1911. F. W. Edwardy, agent." There was no evidence that the note was given as the purchase-price of fifty shares of stock in the Coca-Cola Company, and no explanation of the fact that the note and the receipt were signed the same day, and no evidence showing the agency of Edwardy for the company; and the court did not err in excluding the receipt, the same not showing payment of the note for $1,000, sued upon.

3. There was no error in directing a verdict for the plaintiff.

*Judgment affirmed.*